Debtor   National CineMedia, LLC
              Name
Case number *(if known)* _____

| **Fill in this information to identify the case:** |
|---|
| United States Bankruptcy Court for the: |
| **Southern District of Texas** |
| (State) |
| Case number *(if known)*: _____   Chapter   11 |

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy
06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's Name**

   National CineMedia, LLC

2. **All other names debtor used in the last 8 years**

   NCM

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)

   20-2632505

4. **Debtor's address**

   | **Principal place of business** | | | **Mailing address, if different from principal place of business** | | |
   |---|---|---|---|---|---|
   | **6300 South Syracuse Way, Suite 300** | | | | | |
   | Number | Street | | Number | Street | |
   | | | | | | |
   | **Centennial** | **CO** | **80111** | | | |
   | City | State | Zip Code | City | State | Zip Code |

   | | | | **Location of principal assets, if different from principal place of business** | | |
   |---|---|---|---|---|---|
   | **Arapahoe** | | | | | |
   | County | | | Number | Street | |
   | | | | | | |
   | | | | City | State | Zip Code |

5. **Debtor's website** (URL)   https://www.ncm.com/ and https://www.noovie.com

6. **Type of debtor**

   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

   ☐ Partnership (excluding LLP)

   ☐ Other. Specify:

---

Official Form 201         Voluntary Petition for Non-Individuals Filing for Bankruptcy         page 1

| Debtor | National CineMedia, LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5121 (Motion Picture & Video Industries), 5418 (Advertising, Public Relations, & Related Services)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11**. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes

| District | | When | MM/DD/YYYY | Case number | |
| District | | When | MM/DD/YYYY | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes

Debtor  **Regal Cinemas, Inc. (See Attached Rider)**
District  **Southern District of Texas**
Case number, if known  **22-90197 (MI)**

Relationship  **Equity owner of Parent**
When:  **09/07/2022**
MM / DD / YYYY

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 2

| Debtor | National CineMedia, LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number    Street

_____
City            State    Zip Code

**Is the property insured?**

☐ No
☐ Yes.  Insurance agency _____
         Contact name _____
         Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors. [1]
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☒ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☒ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

[1] To the extent set forth in the Restructuring Support Agreement.

Debtor  National CineMedia, LLC                              Case number *(if known)*
       Name

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **04/11/2023**
               MM/ DD / YYYY

✗   **/s/ Ronnie Ng**                                      **Ronnie Ng**
    Signature of authorized representative of debtor        Printed name

Title   **Chief Financial Officer of National CineMedia, Inc.**

**18. Signature of attorney**

✗   **/s/ John F. Higgins**                       Date   **04/11/2023**
    Signature of attorney for debtor                        MM/DD/YYYY

**John F. Higgins**

**Porter Hedges LLP**
Firm name

**1000 Main St., 36th Floor**
Number        Street

**Houston**                                        **TX**           **77002**
City                                               State         ZIP Code

**(713) 226-6648**                                 **jhiggins@porterhedges.com**
Contact phone                                      Email address

**09597500**                           **TX**
Bar number                             State

| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: **Southern District of Texas** (State) |
| Case number *(if known)*: _____  Chapter __11__ |

☐ Check if this is an amended filing

# Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On September 7, 2022, the entity listed below filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. Regal Cinemas, Inc. ("Regal") is NCM, LLC's affiliate (as such term is defined in Section 101(2) of the Bankruptcy Code) because Regal owns more than twenty percent of the outstanding voting securities of National Cinemedia, Inc., which is Debtor NCM, LLC's parent.[1]

| COMPANY | CASE NUMBER |
| --- | --- |
| Regal Cinemas, Inc. | 22-90197 (MI) |

---

[1] Regal owns such voting securities itself and indirectly through its indirect subsidiary Regal Cinemedia Holdings, LLC. On September 7, 2022, Regal Cinemedia Holdings, LLC filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code (Case No. 22-90201 (MI)).

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

---------------------------------------------------------- x
:
In re: : Chapter 11
:
NATIONAL CINEMEDIA, LLC,[1] : Case No. 23-_____ (___)
:
      Debtor. :
:
---------------------------------------------------------- x

## LIST OF EQUITY SECURITY HOLDERS[2]

    Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor in possession (the "<u>Debtor</u>") respectfully represents that the following is the list of holders of the Debtor's sole class of equity or membership interests:

☐    There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒    The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address of Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| National Cinemedia, Inc. | Membership Units | 98% |
| NCMI II, LLC | Membership Units | 2% |

---

[1] The Debtor's address is 6300 South Syracuse Way, Suite 300, Centennial, Colorado 80111.  The last four digits of the Debtor's taxpayer identification number is 2505.

[2] This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the Chapter 11 Case.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---

In re:

NATIONAL CINEMEDIA, LLC,[1]

Debtor.

---

Chapter 11

Case No. 23-_____ (___)

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity or membership interests:

| Equity Interest Holder | Approximate Percentage of Equity Interests Held |
|---|---|
| National Cinemedia, Inc. | 98% |

---

[1] The Debtor's address is 6300 South Syracuse Way, Suite 300, Centennial, Colorado 80111. The last four digits of the Debtor's taxpayer identification number is 2505.

| Debtor name | National Cinemedia, LLC |
|---|---|
| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF TEXAS | |
| Case No. (If known) | |

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Computershare Trust Co, NA as indenture trustee to the 5.75% Senior Notes due 2026 462 S 4th St Mailbox 829, 16th Fl Louisville, KY 40202 | Computershare Trust Co, NA Email: David.Diaz@computershare.com; ARichmond@PRYORCASHMAN.com; Casey.Boyle@wellsfargo.com; SLieberman@PRYORCASHMAN.com | Unsecured Notes | | | | $238,265,625.00 |
| 2 | Cinemark USA Inc 3900 Dallas Pkwy, Ste 500 Plano, TX 75093 | Cinemark USA Inc Email: cbedard@cinemark.com | Network Partner | | | | $4,785,148.65 |
| 3 | Regal Cinemas, Inc 101 E Blount Ave Knoxville, TN 37920 | Regal Cinemas, Inc Email: Mark.Barker@regalcinemas.com | Network Partner | | | | $4,089,007.40 |
| 4 | Red's Amusement, Inc Attn: General Counsel & CFO 8901 E McDonald Dr Scottsdale, AZ 85250 | Red's Amusement, Inc Email: tylercooper@harkins.com | Network Partner | | | | $1,854,937.26 |
| 5 | AMC 920 Main St Kansas City, MO 64105 | AMC Email: GVermillion@amctheatres.com | Network Partner | | | | $1,531,671.60 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims    Page 1

**Debtor name**  National Cinemedia, LLC    Case No. (If known) _____

### (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| 6  MJR Group LLC<br>dba MJR Digital Cinemas, MJR Theatres, or MJR<br>Attn: Joel Kincaid<br>41000 Woodward Ave, Ste 134 E<br>Bloomfield Hills, MI 48304 | MJR Group LLC<br>Email: jkincaid@mjrtheatres.com | Network Partner | | | | $665,825.94 |
| 7  Midas OpCo Holdings, LLC<br>155 Federal St, Ste 700<br>Boston, MA 02110 | Midas OpCo Holdings, LLC<br>Email: llipinsky@thepeopleplatform.com | Vendor | | | | $660,416.63 |
| 8  Kerasotes Showplace Theaters, LLC<br>641 W Lake St, Ste 300<br>Chicago, IL 60661 | Kerasotes Showplace Theaters, LLC<br>Email: JNowicki@kerasotes.com;<br>fred.meyers@kerasotes.com | Network Partner | | | | $640,668.05 |
| 9  Alliance Management Co, LLC<br>Attn: Anne Ragains<br>825 Northgate Blvd, Ste 203<br>New Albany, IN 47150 | Alliance Management Co, LLC<br>Email: scottb@patokacapital.com;<br>chancer@patokacapital.com | Network Partner | | | | $618,942.92 |
| 10  Vobile, Inc<br>2880 Lakeside Dr, Ste 360<br>Santa Clara, CA 95054 | Vobile, Inc<br>Email: lynne.murphy@vobileinc.com | Vendor | | | | $600,000.00 |
| 11  SCGM Inc<br>Attn: James Ostrow<br>4811 Hwy 6<br>Missouri City, TX 77459 | SCGM Inc<br>Email: jostrow@culinarykhancepts.com | Network Partner | | | | $592,061.53 |
| 12  United Entertainment Corp<br>12900 - 63rd Ave N<br>Maple Grove, MN 55369-6001 | United Entertainment Corp<br>Email: miker@uecmovies.com;<br>jshorba@uecmovies.com | Network Partner | | | | $587,633.79 |

Debtor name: **National Cinemedia, LLC**   Case No. (If known) ____

**(Continuation Sheet)**

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| 13  Microsoft Corp<br>1 Microsoft Way<br>Redmond, WA 98052 | Microsoft Corp<br>Email: wwcsmsas@microsoft.com | Vendor | | | | $565,946.32 |
| 14  Santikos Theatres, Inc<br>18402 US Hwy 281 N, Ste 229<br>San Antonio, TX 78259 | Santikos Theatres, Inc<br>Email: prichard@Santikos.com;<br>rlehman@Santikos.com | Network Partner | | | | $519,070.11 |
| 15  Georgia Theatre Co<br>50 Cinema Ln<br>St Simons Island, GA 31522 | Georgia Theatre Co<br>Email: MWarren@gtcmovies.com | Network Partner | | | | $501,455.83 |
| 16  Texas Cinema Corp<br>1250 Wonder World Dr<br>San Marcos, TX 78666 | Texas Cinema Corp<br>Email: mroberts@evo-entertainment.com | Network Partner | | | | $488,451.24 |
| 17  Loeks Theatres Inc<br>2121 Celebration Dr NE<br>Grand Rapids, MI 49525 | Loeks Theatres Inc<br>Email: ekuiper@bystudioc.com;<br>jd@bystudioc.com | Network Partner | | | | $452,073.01 |
| 18  Picture Show Entertainment LLC<br>Attn: Jeff Stedman<br>40 Broadmoor Ave<br>Colorado Springs, CO 80906 | Picture Show Entertainment LLC<br>Email: jstedman@pictureshowent.com | Network Partner | | | | $426,793.55 |
| 19  Galaxy Theatres LLC<br>15060 Ventura Blvd, Ste 350<br>Sherman Oaks, CA 91403 | Galaxy Theatres LLC<br>Email: rcohen@galaxytheatres.com | Network Partner | | | | $376,579.75 |

**Debtor name**  National Cinemedia, LLC

Case No. (If known) _____

**(Continuation Sheet)**

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20  Pecan Pie Productions LLC<br>Attn: Kevin LaKritz<br>3288 21st St, Ste 239<br>San Francisco, CA 94110 | Pecan Pie Productions LLC<br>Email: kevin@pecanpieproductions.com | Network Partner | | | | $350,519.25 |
| 21  Independent Theatre Booking Service, Inc<br>11917 Sam Roper Dr, Ste 200<br>Charlotte, NC 28269 | Independent Theatre Booking Service, Inc<br>Email: bsitbs1@gmail.com | Network Partner | | | | $349,792.48 |
| 22  Coinstar Asset Holdings, LLC<br>330 120th Ave NE<br>Bellevue, WA 98005 | Coinstar Asset Holdings, LLC<br>Email: cliff.wohl@coinstar.com | Vendor | | | | $349,417.17 |
| 23  Cinergy Entertainment Group, Inc<br>Aka Cinergy Cinmeas/Cinergy Cinemas & Entertainment<br>5720 Lbj Fwy, Ste 625<br>Dallas, TX 75240 | Cinergy Entertainment Group, Inc<br>Email: rschwarte@cinergy.com | Network Partner | | | | $314,263.19 |
| 24  Metropolitan Theatres Corp<br>8727 W 3rd St<br>Los Angeles, CA 90048 | Metropolitan Theatres Corp<br>Email: neig@metrotheatres.com;<br>ddavison@metrotheatres.com | Network Partner | | | | $306,680.16 |
| 25  Goodrich Theater Opco LLC<br>Attn: Jake McSparin<br>3930 Mezzanine Dr, Ste A<br>Lafayette, IN 47905 | Goodrich Theater Opco LLC<br>Email: jakem@gqtmovies.com | Network Partner | | | | $303,105.05 |
| 26  Marquee Cinemas Inc<br>552 Ragland Rd<br>Beckley, WV 25801 | Marquee Cinemas Inc<br>Email: jcox@marqueecinemas.com | Network Partner | | | | $283,931.74 |

Debtor name  **National Cinemedia, LLC**      Case No. (If known)

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27  VSS Southern Theaters, LLC<br>Attn: Ron Krueger<br>935 Gravier St, Ste 1200<br>New Orleans, LA 70112 | VSS Southern Theaters, LLC<br>Email: ronk@southerntheatres.com | Network Partner | | | | $283,166.33 |
| 28  Simplifi Holdings, Inc<br>Attn: Danielle Kinney<br>1407 Texas St<br>Ft Worth, TX 76102 | Simplifi Holdings, Inc<br>Email: receivables@simpli.fi | Vendor | | | | $230,933.16 |
| 29  USA Cinema Investments Holding Inc<br>14951 Dallas Pkwy, Ste 300<br>Dallas, TX 75254 | USA Cinema Investments Holding Inc<br>Email: aholyoak@cinepolis.com; lolloqui@cinepolis.com | Network Partner | | | | $223,941.63 |
| 30  Marcus Theaters Corp<br>100 E Wisconsin Ave, Ste 2000<br>Milwaukee, WI 53202 | Marcus Theaters Corp<br>Email: clintwisialowski@marcustheatres.com | Network Partner | | | | $208,499.01 |

Fill in this information to identify the case and this filing:

Debtor Name **National CineMedia, LLC**

United States Bankruptcy Court for the: **Southern District of Texas**
(State)

Case number (If known):

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets-Real and Personal Property *(Official Form 206A/B)*
- ☐ Schedule D: Creditors Who Have Claims Secured by Property *(Official Form 206D)*
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims *(Official Form 206E/F)*
- ☐ Schedule G: Executory Contracts and Unexpired Leases *(Official Form 206G)*
- ☐ Schedule H: Codebtors *(Official Form 206H)*
- ☐ Summary of Assets and Liabilities for Non-Individuals *(Official Form 206Sum)*
- ☐ Amended Schedule ____
- ☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☒ Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 04/11/2023
MM/ DD/YYYY

☒ */s/ Ronnie Ng*
Signature of individual signing on behalf of debtor

**Ronnie Ng**
Printed name

**Chief Financial Officer of National CineMedia, Inc.**
Position or relationship to debtor

Official Form 202        Declaration Under Penalty of Perjury for Non-Individual Debtors

## OFFICER'S CERTIFICATE

April 10, 2023

The undersigned, Maria Woods, Secretary of National CineMedia, Inc. (the "**Corporation**") hereby certifies, solely in her capacity as Secretary of the Corporation, and not in her individual capacity, that attached hereto as Exhibit A are true, correct and complete copy of the resolutions of the board of directors of the Corporation (the "**Board**"), adopted at a duly authorized meeting of the Board held on April 10, 2023 and in accordance with the Corporation's bylaws.

/s/ Maria Woods
Maria Woods, Secretary

Acknowledged and Agreed to by

/s/ Carol Flaton
Carol Flaton, Independent Manager of National CineMedia, LLC

RESOLUTIONS OF THE
BOARD OF DIRECTORS OF
NATIONAL CINEMEDIA, INC.

**Voluntary Petition Under the Provisions of Chapter 11 of the Bankruptcy Code**

**WHEREAS**, National CineMedia, Inc., a Delaware corporation (the "**Corporation**"), is the sole manager of National CineMedia, LLC, a Delaware limited liability company (the "**Company**"), and in its capacity as Manager of the Company, the Board of the Corporation (the "**Board**") hereby approves, pursuant to the provisions of applicable law, the Company to take the following actions and adopts the following resolutions:

**WHEREAS**, on or about March 5, 2023, this Board approved resolutions under which Carol Flaton was appointed an independent manager to assist the Company in connection with the potential Bankruptcy Case (the "**Independent Manager**") and (a) delegated to the Independent Manager the full and exclusive power and authority of the Corporation as manager of the Company to consider, negotiate, approve, authorize and act upon (as set forth in the Delegation Resolutions) any matter that presents conflicts of interest between the Company and related entities (the "**Conflict Matters**") and (b) provided that the Independent Manager would consult on a regular basis with the Capital Structure Review Committee established by the Board;

**WHEREAS**, the Board has reviewed and discussed with the Independent Manager and the Company's Investment Banker, Lazard Frères & Co. ("**Lazard**"), the financial condition of the business on the date hereof, including the current and historical performance of the Company, the assets and liquidity of the Company, the current and long-term liabilities of the Company, and the credit market conditions;

**WHEREAS**, the Board received, reviewed, and discussed the recommendations of senior management of the Corporation, the Independent Manager and the Corporation's and Company's legal, financial, and other advisors as to the relative risks and benefits of the strategic alternatives available to the Company, including effectuating a restructuring of the Company's liabilities through a bankruptcy case (the "**Bankruptcy Case**") under the provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "**Bankruptcy Code**");

**WHEREAS**, after review and discussion and due consideration of all of the information presented to the Board, solely with respect to matters other than Conflict Matters (which matters require the separate input and approval of the Independent Manager), the Board deems it advisable and in the best interests of the Company, its creditors, stakeholders, and other interested parties, for the Company to commence the Bankruptcy Case by filing a voluntary petition for relief under the provisions of the Bankruptcy Code (the "**Voluntary Petition**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**");

**NOW, THEREFORE, BE IT**:

**RESOLVED**, that the Voluntary Petition be filed by the Company in the Bankruptcy Court; and be it further

**RESOLVED**, that the Independent Manager, Tom Lesinski, Ronnie Ng, and Maria Woods, and such other person as the Corporation may designate (each, a "**Designated Person**" and collectively, the "**Designated Persons**") be, and each of them, acting alone, hereby is, authorized, directed and empowered,

on behalf of and in the name of the Company to (a) execute and verify the Petition and such other documents necessary to effectuate the commencement of the Bankruptcy Case and ensure a smooth transition into Chapter 11, (b) take direction from the Independent Manager as to matters within her mandate and (c) take direction from the Corporation, as manager of the Company, with respect to all other matters related to the Bankruptcy Case.

**Retention of Professionals**

**RESOLVED**, that the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("**Paul Weiss**") be, and hereby is, authorized, empowered and directed to represent the Company as its counsel in connection with the Bankruptcy Case and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Paul Weiss; and be it further

**RESOLVED**, that the law firm of Porter Hedges LLP ("**Porter Hedges**") be, and hereby is, authorized, empowered and directed to represent the Company as its local counsel in connection with the Bankruptcy Case and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Porter Hedges; and be it further

**RESOLVED**, that the law firm of Latham & Watkins LLP ("**L&W**") be, and hereby is, authorized, empowered and directed to represent the Company as its special corporate and litigation counsel in connection with the Bankruptcy Case and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Bankruptcy Case (as well as the Chapter 11 cases of Regal Cinemas, Inc. and its affiliates pending in the Bankruptcy Court (Case No. 22-90168(MI)) and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of L&W; and be it further

**RESOLVED**, that Lazard be and hereby is engaged to provide investment banking and other related services to the Company in the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Lazard; and be it further

**RESOLVED**, that the firm of FTI Consulting, Inc. ("**FTI**") be and hereby is engaged to provide restructuring advice and other related services to the Company in the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy

Case, and to cause to be filed an appropriate application for authority to retain the services of FTI; and be it further

**RESOLVED**, that the firm of Omni Agent Solutions ("**Omni**") be and hereby is engaged to act as notice, claims and balloting agent and to provide other related services to the Company in the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Omni; and be it further

**RESOLVED**, that in addition to the existing signatories of the Company, any Designated Person, acting alone or in any combination, be, and hereby is, authorized to cause the Company to employ other special counsel, financial advisors, investment bankers, accountants, restructuring advisors and other professionals as appropriate in connection with the Bankruptcy Case and all related matters; and be it further

**RESOLVED**, that the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to negotiate and approve the terms and form of any adequate protection to creditors and to secure the consensual use of Cash Collateral, and to effectuate the forgoing by (i) paying or approving the payment of all amounts payable in connection with any adequate protection arrangement, (ii) pledging or granting liens and mortgages on, or security interest in, all or any portion of the Company's assets, including all or any portion of the issued and outstanding capital stock, partnership interests, or membership interests of any subsidiaries of the Company, whether now owned or hereafter acquired, and (iii) entering into or causing to be entered into such security agreements, pledge agreements, control agreements, intercreditor agreements, mortgages, deeds of trust and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, these resolutions in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by the Designated Person executing the same, the execution thereof by such Designated Person to be conclusive evidence of such approval or determination; and be it further

**General Authority**

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Designated Persons, and in addition to the existing signatories of the Company, any of the Designated Persons, acting alone or in any combination, be, and hereby is, authorized, directed and empowered, in the name and on behalf of the Corporation, in its capacity as manager of the Company, to do or cause to be done all such further acts and things, including causing the Company to pay of all fees, expenses, appropriate retainers and other amounts payable by the Company with respect to the foregoing, and to execute and deliver all such other instruments, certificates, agreements and documents as he or she may consider necessary or appropriate to enable and cause the Company to carry out the intent and to accomplish the purposes of the foregoing resolutions; and be it further

**RESOLVED**, that any and all prior lawful actions taken by the Designated Persons, either on behalf of the Corporation or on behalf of the Company by the Corporation in its capacity as manager of the Company, in connection with the Petition and related matters, and any and all related documents, which would have been authorized by the foregoing resolutions except that such actions were taken prior to the adoption of the foregoing resolutions are severally authorized, ratified, confirmed, approved and adopted.