United States Bankruptcy Court
Southern District of Texas
**ENTERED**
April 13, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------------ x
                                                           :

In re:                                        :      Chapter 11

NATIONAL CINEMEDIA, LLC,[1]      :      Case No. 23-90291 (DRJ)

      Debtor.                           :

------------------------------------------------------------ x

**FINAL ORDER (I) AUTHORIZING PAYMENT OF PREPETITION
CLAIMS OF CRITICAL VENDORS, (II) AUTHORIZING THE
PAYMENT OF CERTAIN PREPETITION CLAIMS OF 503(b)(9) CLAIMANTS,
(III) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS
RELATED CHECKS AND TRANSFERS, AND (IV) GRANTING RELATED RELIEF**

**[Related Docket Nos. \_\_7\_\_]**

Upon the motion (the "Motion")[2] of the Debtor for entry of a final order (this "Final Order") under Sections 105(a), 363(b), 503(b)(9), 1107(a) and 1108 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004 (i) authorizing, but not directing, the Debtor to pay, in the ordinary course of business, the prepetition fixed, liquidated, and undisputed claims of the critical vendors and service providers, subject to the conditions described herein, (ii) authorizing, but not directing, the Debtor to pay, in the ordinary course of business, certain prepetition claims of 503(b)(9) claimants, (iii) authorizing financial institutions to honor and process related checks and transfers, and (iv) granting certain related relief; and the Court having reviewed the Motion and the First Day Declaration, and the Interim Order entered on XXXXXXXX, 202X; and the Court

---

[1] The Debtor's address is 6300 South Syracuse Way, Suite 300, Centennial, Colorado 80111. The last four digits of the Debtor's taxpayer identification number are 2505.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334 and the Amended Standing Order; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. § 1408; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and the Court having determined that there is good and sufficient cause for the relief granted in this Final Order, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. All objections to the entry of this Final Order, to the extent not withdrawn or settled, are overruled.

2. The Debtor is authorized, but not directed, in the ordinary course of business and consistent with their past practices, to pay, or cause to be paid, the Critical Vendor Claims of the Critical Vendors and the 503(b)(9) Claims of the 503(b)(9) Claimants, subject to the terms and conditions of this Final Order; provided, that payments on account of the Critical Vendor Claims including the 503(b)(9) Claims shall not exceed $3.8 million in the aggregate (inclusive of the amount of Critical Vendor Claims and 503(b)(9) Claims paid pursuant to the Interim Order) pursuant to this Final Order without further order of this Court; provided, further, that the Debtor is not authorized to pay claims of "insider[s]" (as that term is defined in Section 101(31) of the Bankruptcy Code), employees, or "professional persons" (as that phrase appears in Section 327(a) of the Bankruptcy Code) pursuant to this Final Order. The Debtor will consult with the Ad Hoc Group with respect to the foregoing.

3. The Debtor is authorized, but not directed, to undertake appropriate efforts to cause the Critical Vendors (including 503(b)(9) Claimants to enter into a Trade Agreement with the Debtor substantially similar to the form attached as Exhibit A to the Motion. The Debtor reserves the right to require additional favorable trade terms with any Critical Vendor as a condition to payment of any Critical Vendor Claim. The Debtor shall consult with the Ad Hoc Group with respect to the foregoing.

4. If a Critical Vendor, whether under a Trade Agreement or otherwise, refuses to supply goods and/or services to the Debtor on Customary Trade Terms or Minimum Credit Terms (or such other terms as are agreed by the parties) following receipt of payment on its Critical Vendor Claims or otherwise fails to comply with any Trade Agreement entered into between such Critical Vendor and the Debtor, then the Debtor reserves its right to take any and all actions necessary to return the parties to the positions they held immediately prior to entry of this Final Order with respect to all prepetition claims, including but not limited to: (a) declaring that any Trade Agreement between the Debtor and such Critical Vendor is, or should be, terminated; (b) declaring that payments made to such Critical Vendor on account of its Critical Vendor Claims shall be deemed to have been made in payment of then-outstanding (or subsequently accruing) postpetition claims of such Critical Vendor without further order of the Court or action by any person or entity; and (c) recovering or seeking disgorgement of any payment made to such Critical Vendor on account of its Critical Vendor Claims to the extent that such payments exceed the value of the postpetition claims of such Critical Vendor, without giving effect to any rights of setoff, claims, provision for payment of reclamation or trust fund claims, or other defenses. Nothing herein shall constitute a waiver of the Debtor's or the Ad Hoc Group's rights to seek damages or other appropriate remedies against any breaching Critical Vendor.

5. Notwithstanding the foregoing, the Debtor may reinstate a Trade Agreement if the underlying default under the Trade Agreement is fully cured by the Critical Vendor following the Debtor's notification to the Critical Vendor that such default has occurred or the Debtor reaches a favorable alternative agreement with the Critical Vendor.

6. The amount of each Critical Vendor's Critical Vendor Claim set forth in connection with a Trade Agreement shall be used only for purposes of determining such Critical Vendor's Critical Vendor Claim for purposes of this Final Order and shall not be deemed a claim allowed by the Court, and the rights of all interested persons to object to the allowance of such claim shall be fully preserved until further order of the Court. Further, a Critical Vendor's receipt of partial payment of its asserted prepetition claim(s) shall not excuse such Critical Vendor from filing a proof of claim in this case.

7. Any payments with respect to prepetition claims hereunder shall first be used to satisfy any allowed claim of the applicable Critical Vendor that is entitled to priority under Section 503(b)(9) of the Bankruptcy Code, and thereafter to satisfy the applicable Critical Vendor's general unsecured claim(s).

8. No claimant who receives payment in full on account of a Critical Vendor Claim is permitted to, with respect to such Critical Vendor Claim, file or perfect a Lien on account of such claim, assert a Reclamation Claim, and/or assert a claim under Section 503(b)(9) of the Bankruptcy Code, and any such claimant shall take all necessary action, at its expense, to remove any existing Lien relating to such claim, and to withdraw any Reclamation Claim or claim under Section 503(b)(9) of the Bankruptcy Code, on account of such claim.

9. Notwithstanding anything to the contrary contained herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to and in accordance with any

interim and final orders, as applicable, approving the use of cash collateral (the "Cash Collateral Order") and any budget in connection with any such use of cash collateral. To the extent there is any inconsistency between the terms of the Cash Collateral Order and any action taken or proposed to be taken hereunder, the terms of the Cash Collateral Order shall control.

10. Nothing contained herein is or should be construed as: (a) an implication or admission as to the validity of any claim against the Debtor or the existence of any lien against the Debtor's assets; (b) a waiver of the Debtor's or any other party in interest's rights to dispute any claim or lien on any grounds; (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder; (d) a promise to pay any claim; (e) an implication or admission that any particular claim would constitute an allowed claim; (f) an approval, assumption, adoption, or rejection of any executory contract or unexpired lease pursuant to Section 365 of the Bankruptcy Code; (g) a limitation on the Debtor's rights under Section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Final Order; or (h) a waiver of the obligation of any party in interest to file a proof of claim. Nothing contained in the Motion, the Interim Order or this Final Order shall be deemed to increase, decrease, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

11. Nothing in the Motion, the Interim Order or this Final Order, nor the Debtor's implementation of the relief granted in this Final Order, shall be deemed to modify or waive any of the Debtor's rights with respect to goods and services requested or received from the Critical Vendors, including the Debtor's rights to (a) cancel a purchase order, (b) decline the acceptance of goods and/or services, (c) return any defective, nonconforming or unacceptable goods, or (d) contest the amount of any invoice or claims on any grounds.

12. At the direction of the Debtor, the Debtor's banks and financial institutions shall be and hereby are authorized to receive, process, honor, pay, and, if necessary, reissue all prepetition and postpetition checks and fund transfers, including prepetition checks and electronic payment and transfer requests that the Debtor reissues or re-requests postpetition, on account of obligations owed to any Critical Vendor or 503(b)(9) Claimant authorized to be paid pursuant to this Final Order, provided that sufficient funds are on deposit in the applicable accounts to cover such payments. The Debtor's banks and other financial institutions are authorized to rely on the representations of the Debtor as to which checks and fund transfers should be honored and paid pursuant to this Final Order.

13. The Debtor shall maintain a schedule of payments made pursuant to this Interim Order, including the following information: (a) the name of each Critical Vendor and 503(b)(9) Claimant paid on account of its Critical Vendor Claim or 503(b)(9) Claim, as applicable; (b) the nature of the payment; (c) the amount of the payment; (d) the payment date; and (e) the purpose of such payment. Upon reasonable request, the Debtor shall provide a copy of such matrix/schedule to the U.S. Trustee, Gibson, Dunn & Crutcher LLP, as counsel to the Ad Hoc Group, Latham & Watkins LLP, as counsel to National CineMedia, Inc., and any statutory committee appointed in the Chapter 11 Cases every 30 days beginning upon entry of this Interim Order.

14. Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

15. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

16. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

17. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Final Order.

**Signed: April 13, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**